**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

MIRIAN MARICELA LOPEZ TOMAS
818 Gregorio Drive
Silver Spring, Maryland 20901

ANA GRICELDA LOPEZ TOMAS DE
MARROQUIN
8739 Carroll Avenue
Apt 104
Silver Spring, Maryland 20903

    *Plaintiffs,*

      v.

MAXI MAID SERVICES, INC.
22203 Fair Garden Lane
Clarksburg, Maryland 20871

Serve: MAXIE C. LEMUS
     22203 Fair Garden Lane
     Clarksburg, Maryland 20871

MAXIE C. LEMUS
22203 Fair Garden Lane
Clarksburg, Maryland 20871

    *Defendants*.

Case No.: 22-706

**COMPLAINT**

Plaintiffs, Mirian Maricela Lopez Tomas ("Plaintiff Mirian") and Ana Gricelda Lopez

Tomas de Marroquin ("Plaintiff Ana"), by their undersigned counsel, Melehy & Associates LLC,

hereby bring this action against Maxi Maid Services, Inc. ("Maxi Maid") and Maxie C. Lemus

("Lemus") for violations of the Plaintiffs' rights under the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor &

Empl. Art. §§ 3-413, 3-415 and 3-427, and the Maryland Wage Payment and Collection Law

("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiffs allege as follows:

## THE PARTIES

1.      Plaintiff Mirian is an adult resident of the State of Maryland and was employed by Defendants for approximately ten years beginning in 2011 and ending in March 2021, when she resigned. During that timeframe, Plaintiff performed household cleaning functions for residences in Maryland, Virginia, and the District of Columbia and transported other workers in her crew from their homes to the job sites, between job sites and from the last job site of the day back to their homes.

2.      Plaintiff Ana is an adult resident of the State of Maryland and was employed by Defendants for approximately five years beginning in approximately 2016 and ending in August 2021, when she resigned. During that timeframe, Plaintiff Ana performed household cleaning functions for residences in Maryland, Virginia, and the District of Columbia.

3.      Maxi Maid is a corporation organized under the laws of the State of Maryland and its headquarters are located at 22203 Fair Garden Lane Clarksburg, Maryland 20871. During the last three years and two weeks, Maxi Maid employed Plaintiffs within the meaning of the FLSA, the MWHL and the MWPCL because it maintained their employment records, paid their wages, determined their pay, hired them, had the authority to terminate their employment and paid them in a manner made unlawful by the FLSA, the MWHL and the MWPCL.

4.      Lemus is a Director, officer, owner and President of Maxi Maid. She is an employer of Plaintiffs within the meaning of the FLSA, the MWHL and the MWPCL because: (1) she is an owner, officer, manager and director of Maxi Maid, (2) she hired both Plaintiffs and had the authority to fire them; (3) she has operational control over Maxi Maid and is significantly involved in the operations; (4) she controlled the terms and conditions of Plaintiffs' employment, including

their work schedule, their compensation and pay and she set the terms and conditions of Plaintiffs'

employment; (5) she supervised Plaintiffs regarding their duties directly and through mid-level

managers; (6) she has actual and functional control over Maxi Maid's corporate funds, which are

used to pay Maxi Maid employees, including Plaintiffs, and she had the authority to allocate funds

as profits in the manner she chose; (7) she set Plaintiffs' pay rates and manner of pay; (8) she paid

Plaintiffs' wages and wrote their checks: (9) she had knowledge of and approved of the unlawful

manner in which Plaintiffs were paid (paying Plaintiffs a daily rate without paying them an

overtime premium for overtime hours and failing to pay them the applicable Maryland minimum

wage); (10) she established  pay practices and formulated and approved pay policies that caused

the violations at issue in this case; and (11) she personally maintained the Plaintiffs' employment

records in the corporate office of Maxi Maid, which was located in her home.

5.      Maxi Maid is an "Enterprise Engaged in Commerce" within the meaning of 29

U.S.C. § 203 (s)(1), as it had: (1) employees engaged in commerce or the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce; and (2) a gross volume of sales made or business done

of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

6.      In addition, Plaintiffs were engaged in commerce, as they performed work in

Maryland, Virginia, and the District of Columbia and crossed state lines to perform that work

several times per month.

## JURISDICTION

7.       The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claim under 28 U.S.C. § 1367.

## PERSONAL JURISDICTION OVER DEFENDANTS

8.       This Court has *in personam* jurisdiction over Defendants because the cause of action arose in Maryland and Defendants live and regularly do business in the State of Maryland.

## STATEMENT OF FACTS

9.       The term "relevant period" shall refer to the period of time for which the Plaintiffs are seeking to recover for the violations alleged in this Complaint and it extends three years and two weeks prior to the date this lawsuit was filed.

10.       Maxi Maid employed several crews of residential cleaning personnel, each of which is comprised of three or more workers. Plaintiff is a member of one of the crews.

11.       During the relevant period, Lemus decided to pay Plaintiff Mirian a daily rate of $120. Later on, near the end of her employment with Defendants, Lemus increased Plaintiff Mirian's daily rate to $130. During the relevant period, Lemus also made the decision to pay Plaintiff Ana the daily rate of $90.

12.       Defendants provided Plaintiff Mirian with a company automobile and Defendant Lemus directed Plaintiff to use the vehicle to transport herself and her co-workers to various job sites. Pursuant to these instructions from Lemus, Plaintiff Miriam picked up and transported her co-workers to the first job site of the day, transported them to various job sites during the day and then transported them from the last residence of the day to their homes. At all relevant times,

Plaintiff Mirian worked with a crew that consisted of herself and two or three other employees of Defendants. Plaintiff Mirian's travel time from her home to the residence of the first co-worker that she picked up, from the first worksite to subsequent sites and then from the last job site to the residence of the last co-worker she dropped off, was compensable working time. Plaintiff Mirian's workday began when she picked up the first co-worker and it ended when she dropped off the last co-worker at her home. *See* 29 C.F.R. § 785.34.

13.     During the relevant period, Plaintiff Mirian regularly worked Monday through Friday and her schedule remained largely the same with small variations. Plaintiff Mirian would typically leave her home at 6:00 a.m. and pick up the first co-worker at 6:15 a.m., which was the start of her workday. Plaintiff Mirian did not take a lunch break, as she ate while driving between work sites. Plaintiff Mirian would typically drop off the last co-worker at that worker's home between 6:30 p.m. and 7:00 p.m. (depending on traffic) and that is when her workday ended. Thus, the length of her typical workday was between 12 hours and 15 minutes and 12 hours and 45 minutes and she worked between 61 hours and 64 hours per week, an average of 62.5 hours per week. However, Plaintiff Mirian did not receive an overtime premium for her overtime hours.

14.     Plaintiff Ana did not transport co-workers, as did Plaintiff Mirian. Plaintiff Ana worked Monday through Friday. Her typical workday began at 7:00 a.m. when she arrived at her first work site of the day and it ended at 5:00 p.m. or 5:30 p.m. when she finished work at the last worksite of the day. Her workday typically lasted between 10 and 10.5 hours and she typically worked between 50 and 53 hours per week, an average of 52.5 hours per week. However, Plaintiff Ana also did not receive an overtime premium for her overtime hours.

15.     During the relevant period, Defendants did not pay either Plaintiff in a manner consistent with the Maryland minimum wage, as set forth in Md. Code Ann. Labor & Employment

§3-413 (c). From July 1, 2018 to December 31, 2019, the Maryland minimum wage was $10.10 per hour; from January 1, 2020 to December 31, 2020 it was $11.00 per hour; and from January 1, 2021 to December 31, 2021, it was $11.75 per hour. *Id*. During the relevant period, Plaintiffs were always paid less than the applicable Maryland minimum wage.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. §§ 201 – 216 (b)**
**(Defendants)**

16.      Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

17.      At all times relevant to this Complaint, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

18.      At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

19.      Defendant Maxi Maid is an enterprise engaged in commerce or alternatively, Plaintiffs were engaged in commerce because they regularly crossed state lines in the performance of their work.

20.      Defendants violated the FLSA by knowingly and willfully failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked during the relevant period.

21.      The actions of Defendants were not undertaken in good faith and/or with a reasonable belief that they were lawful, entitling Plaintiffs to liquidated damages equivalent to their unpaid overtime wages.

22.      In addition, Defendants acted willfully, recklessly, and intentionally, making the statute of limitations three years under the FLSA.

23.     Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime time wages and an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL

24.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

25.     At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the MWHL.

26.     At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the MWHL.

27.     Defendants violated the MWHL by failing to pay Plaintiffs their applicable minimum wages and an overtime premium for overtime hours.

28.      Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiffs to liquidated damages.

29.     Plaintiffs are not able to calculate their damages because they are not in possession of all pertinent records.

30.     As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally wages for the relevant period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

31.     For this Count, Plaintiffs is seeking wages and damages back three years and two weeks prior to the date the complaint was filed.

## COUNT III
## VIOLATIONS OF THE MWPCL

32.     Plaintiffs repeat and incorporate by reference all allegations set forth above.

33.     Defendants knowingly, willfully and intentionally violated Plaintiffs' rights by failing to pay them their applicable minimum wages and an overtime premium for overtime hours.

34.      Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

35.     Plaintiffs are not able to calculate their damages because they are not in possession of all pertinent records.

36.     Defendants are liable to Plaintiffs pursuant to the MWPCL for the unpaid wages, an additional amount equal to double the unpaid wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

37.     For this Count, Plaintiffs is seeking wages and damages back to three years and two weeks prior to the date the complaint was filed.

### RELIEF REQUESTED

Plaintiffs request the following relief:

a)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs in the amount of their unpaid and illegally withheld wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL, in the amount of Plaintiffs' unpaid wages, along with an equivalent sum as liquidated damages;

c)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWPCL, in the amount of Plaintiffs'

unpaid wages and an equivalent sum equal to two times the unpaid wages, as liquidated damages;

d)      enter judgment for the Plaintiffs in the amount of their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/  Omar Vincent Melehy
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:     (301) 587-6308
*Attorneys for Plaintiffs*